

**U.S. Department of Justice**

**Environment and Natural Resources Division**

---

*Environmental Crimes Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 305-0321*
*Facsimile (202) 514-8865*

RECEIVED

October 2, 2018

NOV 1 3 2018

AT 8:30_____
WILLIAM T. WALSH
CLERK

Ms. Ty Kelly
Rivkin, Weiner, Livingston, LLC
2002 Clipper Park Road, Unit 108
Baltimore, Maryland 21211
tkelly@rwllaw.com

Re:  Plea Agreement with Andrew Guglielmo

*Criminal No. 18-677-01*

Dear Ms. Kelly,

This letter sets forth the plea agreement between your client, Andrew Guglielmo and the Environmental Crimes Section of the United States Department of Justice ("the government").

Charge

Conditioned on the understandings specified below, the government will accept a guilty plea from Andrew Guglielmo to an information charging him with conspiring (1) to defraud an agency of the United States, and (2) to violate the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), Title 18, United States Code, Section 371, and Title 18, United States Code, Section 2.

If Andrew Guglielmo enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, the government will not initiate any further criminal charges against him relating to Flexabar's sale of TBT-containing products and any false statements made about it. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Andrew Guglielmo agrees that any dismissed charges and any

other charges that are not time-barred by the applicable statute of limitations on the date he signs this agreement may be commenced against him, notwithstanding the expiration of the limitations period after he signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 371 to which Andrew Guglielmo agrees to plead guilty carries a statutory maximum prison sentence of five years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Andrew Guglielmo and the government  have also agreed to the calculation of his offense level under the U.S. Sentencing Guidelines ("U.S.S.G.") listed below, which is not binding upon the Court, and Andrew Guglielmo understands that if the Court does not follow these agreements and recommendations, he will not be allowed to withdraw his guilty plea:

1. The base offense level is 8. U.S.S.G. § 2Q1.2(a).

2. Because the offense involved an ongoing, continuous, or repetitive discharge, release, or emission of a hazardous or toxic substance or pesticide into the environment, the offense level should be increased by 6 levels. U.S.S.G. § 2Q1.2(b)(1).

3. Because the crime was of a long duration, an upward departure of 1 level is appropriate. U.S.S.G. § 2Q1.2(b)(1), Application Note 5.

4. Because Andrew Guglielmo was a manager or supervisor and the criminal activity was otherwise extensive, his offense level should be increased 3 levels. U.S.S.G. § 3B1.1(b).

5. The parties agree to seek no additional enhancements or departures under the Sentencing Guidelines.  Andrew Guglielmo is free to seek a variance pursuant to 18 U.S.C. § 3553.

6.  The parties agree that Andrew Guglielmo's guideline calculation results in an offense level 18 before acceptance of responsibility.

7.  The government believes that Andrew Guglielmo has accepted responsibility as that term is defined in U.S.S.G. § 3E1.1 and is thus entitled to a reduction of two levels provided Andrew Guglielmo continues to demonstrate compliance with the terms of U.S.S.G. § 3E1.1 and this agreement up through the time of sentencing. Further, the government agrees that if Andrew Guglielmo offense level prior to the operation of section 3E1.1(a) is level 16 or greater, he would be entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

8.  The government agrees to recommend a sentence at the low end of the sentencing range for the offense level calculated.

The sentence to be imposed upon Andrew Guglielmo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the U.S.S.G. The U.S.S.G. are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The government cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge or as to what sentence Andrew Guglielmo ultimately will receive.

Further, in addition to imposing any other penalty on Andrew Guglielmo, the sentencing judge: (1) will order Andrew Guglielmo to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which must be paid by the date of sentencing; (2) may order Andrew Guglielmo to pay restitution, pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) pursuant to 18 U.S.C. § 3583, may require Andrew Guglielmo to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Andrew Guglielmo be placed on a term of supervised release and subsequently violate any of the

-3-

conditions of supervised release before the expiration of its term, Andrew Guglielmo may be sentenced to not more than two years of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of the Defendant

Andrew Guglielmo understands and acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. Andrew Guglielmo further acknowledges that he is entering into this agreement without reliance on any representations or discussions not contained in this agreement and that there have been no threats, coercion, or intimidation of any kind. Andrew Guglielmo acknowledges complete satisfaction with the representation of his counsel and the advice he has received in connection with this agreement.

Through this agreement and his guilty plea, Andrew Guglielmo understands and acknowledges that he has been informed of, and is giving up, the right: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel—and if necessary have the Court appoint counsel—at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify (or elect not to) and present evidence; and (g) to compel the attendance of witnesses.

Waiver of Appeal and Post-Sentencing Rights

Except as noted below in this paragraph, Andrew Guglielmo voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the guidelines

range that results from the agreed total guidelines offense level of 15. The government will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the guidelines range that results from the agreed total guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph. This waiver shall not be construed to bar a claim by Andrew Guglielmo of ineffective assistance of counsel or prosecutorial misconduct.

By virtue of his pleading guilty to Count 1 of the Information, Andrew Guglielmo understands that he is not a prevailing party as defined in 18 U.S.C. § 3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives his right to sue the United States based on his prosecution in this case.

Rights of the Government Regarding Sentencing

Except as otherwise provided in this agreement, the government reserves its right to take any position with respect to the appropriate sentence to be imposed on Andrew Guglielmo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise, subject to the terms of the executed proffer agreement. In addition, the government may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of Andrew

Guglielmo's activities and relevant conduct with respect to this case.

Immigration Consequences

Andrew Guglielmo understands that, if he is not a citizen of the United States, his guilty

plea to the charged offense may result in his being subject to immigration proceedings and

removed from the United States by making him deportable, excludable, or inadmissible, or

ending his naturalization.  Andrew Guglielmo understands that the immigration consequences of

this plea will be imposed in a separate proceeding before the immigration authorities.  Andrew

Guglielmo wants and agrees to plead guilty to the charged offense regardless of any immigration

consequences of this plea, even if this plea will cause his removal from the United States.

Andrew Guglielmo understands that he is bound by his guilty plea regardless of any immigration

consequences of the plea.

Other Provisions

This agreement is limited to Environmental Crimes Section of the United States

Department of Justice and cannot bind other federal, state, or local authorities. However, the

government will bring this agreement to the attention of other prosecuting offices, if requested to

do so.

This agreement was reached without regard to any civil or administrative matters that

may be pending or commenced in the future against Andrew Guglielmo. This agreement does

not prohibit the United States, any agency thereof (including U.S. Environmental Protection

Agency and the Internal Revenue Service), or any third party from initiating or prosecuting any

civil or administrative proceeding against Andrew Guglielmo.

No Other Promises

This agreement constitutes the plea agreement between Andrew Guglielmo and the

government and supersedes any previous agreements between them. No additional promises,

agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division

By:

Jeremy F. Korzenik
Senior Trial Attorney
Environmental Crimes Section

By:

Adam Cullman
Trial Attorney
Environmental Crimes Section

I have received this letter from my attorney, Ty Kelly, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Andrew Guglielmo                    Date: 10/4/18

I have discussed with my client this plea agreement and all of its provisions, including those addressing charge, sentencing, stipulations, waiver, restitution and immigration

consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Ty Kelly, Esq.

Date: 10/4/18